## JAMES ET AL. *v.* RAILROAD COMPANY.

1. Where, under the laws of Wisconsin, a mortgage by the La Crosse and Milwaukee Railroad Company upon its railroad and appurtenances had been foreclosed, a sale made and confirmed, and a new company under the name of the Milwaukee and Minnesota Railroad Company had been organized by the purchasers, being the directors who made the mortgage and others holding the bonds secured thereby, this court, upon a creditor's bill filed by judgment creditors of the mortgagor—

*Held*, on the facts of the case, that the sale was fraudulent, and that it should be set aside, and the new company perpetually enjoined from setting up any right or title under it;—the mortgage to remain as security for the bonds in the hands of *bonâ fide* holders for value, and that the judgment creditors (the present complainants) be at liberty to enforce their judgments against the defendants therein, subject to all prior incumbrances.

2. Where the notice of the sale of a railroad under mortgage to secure railroad bonds, set forth that the sum due under the mortgage for the principal of bonds was $2,000,000, with $70,000 interest, when, in fact, less than $200,000 was outstanding in the hands of *bonâ fide* holders for value, the remainder of the $2,000,000 being either in the hands of the directors or under their control, such a notice was fraudulent, and of itself sufficient to vitiate the sale.

---

Appeal from the Circuit Court for Wisconsin; James, Brewer, Greenleaf, Justice, and others, being the appellants, and the Milwaukee and Minnesota Railroads appellee.

*Messrs. Cary and Carlisle, for the appellants; Messrs. Cushing and Stark, contra.*

Mr. Justice NELSON stated the case and delivered the opinion of the court.

The bill before us is a creditor's bill, filed by four different judgment creditors, against the defendants, to set aside as fraudulent and void against creditors the sale under a mortgage made to Barnes, 21st of June, 1858, for two millions of dollars, by the La Crosse and Milwaukee Railroad Company, which sale took place on the 21st of May, 1859, and under which the defendants' company was organized; and that the company be perpetually enjoined and restrained from exercising any control over the property or franchises mentioned in said mortgage, or from interfering in any manner with the road or its franchises; and, further, that the said company be decreed to take nothing under the sale, and that the property and franchises of the La Crosse and Milwaukee Company may be sold and applied, after discharging all prior liens, to the satisfaction of the judgments of the complainants.

The complainants consist of the firm of F. P. James & Co., who are the owners of a judgment against the La Crosse and Milwaukee Company for $26,353.51, recovered in the District Court of the United States for the District of Wisconsin, on the 5th of October, 1858, in favor of Edwin C. Litchfield, and which came to the complainants by assignment.

Nathaniel S. Bouton, who recovered in the same court a judgment against the same company for $7937.37, on the 5th of April, 1859, and which judgment came to the firm of F. P. James & Co., by assignment; Philip S. Justice and others, who recovered a judgment in the Circuit Court of Milwaukee County against the same company for $235.33, and E. Bradford Greenleaf, a judgment in the same court against the

same company for $840.06.    These judgments were liens on the La Crosse and Milwaukee Railroad, subsequent to the mortgage to Barnes, already referred to, which, with the sale under it, is sought to be set aside as fraudulent and void against creditors.

The mortgage was given to secure the payment of an issue of bonds for two millions of dollars, on the 21st of June, 1858, and which were issued accordingly by the president and secretary, and were made payable in thirty years.    One thousand bonds of one thousand dollars each, fourteen hundred of five hundred dollars each, and three thousand of one hundred dollars each, interest at seven per cent., payable semi-annually on the first day of January and July in each year, with coupons attached.    The sale under the mortgage took place on default of the payment of the first instalment of interest, six months after it was executed.    Barnes, the mortgagee, acted as auctioneer, and bid off the property himself, as trustee for the bondholders, who soon after organized the Milwaukee and Minnesota Railroad Company, one of the defendants in this suit.

As appears from the proofs at the time of this sale, there had not been two hundred thousand dollars advanced on the entire issue of the two millions of bonds; indeed, the actual amount is but little over one hundred and fifty thousand dollars.    Five hundred and fifty thousand dollars of the bonds do not appear to have been negotiated at all, which were held in trust and never used, and one hundred and three thousand had been returned and cancelled, making in the aggregate six hundred and fifty-three thousand.    Four hundred thousand were given to Chamberlain to secure a note of the company for $20,000, which he sold at auction, and which were bid in, principally, by the directors, at five cents on the dollar.    Three hundred and ten thousand dollars of the bonds were given to secure a loan of $15,500, and which came into the hands of the same persons, or their friends, for about five cents on the dollar.

It is charged in the bill, and the proofs are very strong in support of it, that this note to Chamberlain for $20,000, and

the loan of $15,500 to secure the payment of which these bonds were given—$400,000 in amount for the first sum, and $310,000 for the second—were made by the company for the purpose, and with the intention of obtaining a division of them among the directors, at merely nominal prices. It is very fully established that this was, in point of fact, the result of the two transactions.

We have looked with some care into the proofs, and into the brief of the learned counsel for the defendants, to ascertain the portion or amount of these bonds, or, of the stock of the Milwaukee and Minnesota Company, into which some of them were converted, that are now in the hands of *bona fide* holders, and we find no evidence in the record tending to show any amount beyond the sum already mentioned, less than $200,000. These were the only outstanding bonds existing at the time of the foreclosure and sale for which value had been paid; the remainder of the two millions of dollars were either in the hands of the directors or under their control, and not negotiated, or, they were in their hands under the fraudulent arrangements we have already stated, at nominal prices. Nor, do we find that the present holders of the bonds or stock of the company are in any better or more favorable condition than those who organized the defendants.

The notice of sale set forth that the mortgage debt was two millions of dollars, and that seventy thousand dollars of interest were due.

It needs no authorities to show that such a sale cannot be upheld without sanctioning the grossest fraud and injustice to the La Crosse and Milwaukee Company, the mortgagee, and its creditors. This deceptive notice was calculated to destroy all competition among the bidders, and, indeed, to exclude from the purchase every one, except those engaged in the perpetration of the fraud. The sale, therefore, must be set aside, and the Milwaukee and Minnesota Company be perpetually enjoined from setting up any right or title under it—the mortgage to remain as security for the bonds in the hands of *bona fide* holders for value, and that the judg-

ment creditors, the complainants, be at liberty to enforce their judgments against the defendants therein, subject to all prior liens or incumbrances.

Mr. Justice MILLER dissented.