[L. A. No. 9525. In Bank.—October 15, 1930.]

J. A. ISAACSON, as Trustee, etc., Respondent, v. UNION TRUST COMPANY OF SAN DIEGO (a Corporation) et al., Defendants; J. C. RICE COMPANY (a Corporation) et al., Appellants.

474

L. E. Dadmun for Appellants.

Curtis Hillyer for Respondent.

SHENK, J.—This action was brought by the plaintiff as trustee in bankruptcy of the estate of J. C. Rice, a bankrupt, to have it adjudged that certain property described in the complaint belongs to the plaintiff as trustee for the creditors of the bankrupt, and an accounting. The court found in favor of the plaintiff and enjoined the defendants from asserting any claim or interest in any of the property in controversy. The defendants J. C. Rice Company and M. Y. Wolf are the appealing defendants.

The court found that certain property, title to which stood in the name of J. C. Rice Company, was the property of the bankrupt and that the title to 247 shares of stock in the J. C. Rice Company, although standing in the name of the defendant Wolf, was the property of the bankrupt, and that Wolf held title to the same in trust for the plaintiff. These findings are attacked as unsupported by the evidence. The evidence shows that J. C. Rice was engaged in numerous promotional enterprises in real estate and other property; that he did business through the medium of corporations which he organized, owned and controlled, among which was the J. C. Rice Company. The court found that the J. C. Rice Company was merely the *alter ego* of J. C. Rice and the evidence is amply sufficient to support that finding. The evidence also disclosed that on November 21, 1918, and at a time when Rice was insolvent, he was the owner of all of the stock of the J. C. Rice Company consisting of 250 shares, excepting three thereof issued to qualify directors; that his creditors were numerous and insistent upon payment; that on November 21, 1918, he pledged to the defendant Wolf 247 shares of said stock as security for the payment of a promissory note executed by Rice to Wolf in the sum of $21,458.79, due five years after date, with interest at seven per cent per annum payable at maturity; that the amount of the note represented an antecedent indebtedness from Rice to Wolf, with interest accrued over a considerable period of time; that in addition

to 247 shares of stock the bankrupt pledged to Wolf other property and securities constituting in the main the entire assets of Rice which were estimated to be of the value of $75,000; that under pledgee's sale, which took place on the ninth day of September, 1919, Wolf sold the 247 shares of stock and took the title in his own name. The court found that the pledge of the stock was a *bona fide* transaction, made for a valuable consideration, but that the pledgee's sale "was made with the secret understanding and agreement between said J. C. Rice and said M. Y. Wolf that said M. Y. Wolf would hold said stock in trust for said J. C. Rice, and that said M. Y. Wolf does not hold said stock in trust for said plaintiff as trustee in bankruptcy of said J. C. Rice and that the claim of said M. Y. Wolf to said stock of J. C. Rice Company is without any right whatever as against the plaintiff"; that the "sale of said stock of said J. C. Rice Company by said M. Y. Wolf was made by said M. Y. Wolf with the intent to aid and assist said J. C. Rice to conceal his assets from his creditors . . . that said pretended sale of said stock to said M. Y. Wolf was made with the intent to delay, hinder and defraud the creditors of said J. C. Rice and the creditors of said J. C. Rice were thereby hindered, delayed and defrauded and prevented from collecting their claims against said J. C. Rice."

There is sufficient evidence to support the foregoing findings. The note had more than four years to run before its maturity. The due date was attempted to be accelerated by a call for further security, although the agreed value of securities pledged was $75,000. The sale was deceptive in that it was noticed for and took place on a legal holiday. From the date of sale to the sixteenth day of February, 1925 —the day before he filed his petition in bankruptcy—Rice continued to be in control of the J. C. Rice Company. Wolf paid no attention to the multifarious transactions in which it engaged. The evidence as a whole supports the conclusion that Wolf was in league with Rice to defeat the rights of the latter's creditors. The sale was not free from fraud as appeared in *Pierce* v. *Pierce*, 16 Cal. App. 375 [117 Pac. 580], a case strongly relied upon by the appellants. Although the original note transaction was found to be in good faith, the circumstances surrounding the sale were sufficient to avoid it under the rule stated in 20 Cyc., at

page 401, as follows: "A collusive and fraudulent sale under a foreclosure of a mortgage or deed of trust on real or personal property, either under a power therein or by legal proceedings, will be set aside at the suit of the creditors of the mortgagor or grantor." The text is supported by the authorities cited in the footnote, one of which is *James* v. *Milwaukee & M. R. R. Co.*, 6 Wall. (73 U. S.) 752 [18 L. Ed. 885, see, also, Rose's U. S. Notes], where the sale under the terms of a valid mortgage given to secure the payment of bonds was set aside on the ground of fraud.

An affirmance of the judgment will leave Wolf still as pledgee of the 247 shares of stock of the J. C. Rice Company, with the assets of that corporation in the hands of the plaintiff for the benefit of creditors. It may be said that the stock so held by Wolf is now worthless, but this result is not inequitable under all of the evidence, which shows also that during the time that Wolf was holding the legal title to said stock and before the filing of the petition in bankruptcy he withdrew from J. C. Rice Company the sum of $18,000, which more than equaled the original indebtedness of Rice to Wolf, together with a substantial allowance for interest thereon. If, perchance, Wolf has any further claim against Rice his place would seem to be as a general creditor in the bankruptcy court.

The judgment is affirmed.

Richards, J., Curtis, J., Preston, J., Waste, C. J., and Langdon, J., concurred.

Rehearing denied.